IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02249-BNB

SHAWN MANDEL WINKLER,

    Plaintiff,

v.

MARY J. MULLARKY,
GREGORY J. HOBB JR.,
ALEX J. MARTINEZ,
MICHAEL L. BENDER,
NATHAN B. COATS,
ALLISON HARTWELL EID,
ROBERT DEAN HAWTHORN,
SEAN CONNELLY,
PARTICIPANT IDENTIFIED AS "MILLER,"
PAUL A. MARKSON JR.,
LYNNE M. HUFNAGEL,
MICHAEL A. MARTINEZ,
SHELLY I. GILMAN,
JOHN W. SUTHERS, and
ARISTEDES W. ZAVARAS,

    Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 8 2010

GREGORY C. LANGHAM
                    CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Shawn Mandel Winkler, is in the custody of the Colorado Department of Corrections and is currently incarcerated at the Sterling Correctional Facility. Mr. Winkler, acting *pro se*, initiated this action on September 1, 2010, by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. He filed an Amended Complaint

on September 28, 2010, and was granted leave to proceed *in forma pauperis* by order dated October 4, 2010.

The Court must construe the Amended Complaint liberally because Mr. Winkler is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Winkler will be ordered to file a Second Amended Complaint.

Although the Amended Complaint is difficult to understand, Mr. Winkler appears primarily to challenge the execution of his sentence by the Colorado Department of Corrections. He asserts that under the terms of his sentence, he was supposed to be eligible for parole in 2000 but that Defendant Aristedes Zavaras has refused to honor this agreement. He also asserts that the terms of his plea agreement have not been honored. As relief, Mr. Winkler seeks money damages and his immediate release from incarceration.

Mr. Winkler's claims challenging the execution of his sentence properly are asserted in a separate habeas corpus action pursuant to 28 U.S.C. § 2241. The Court will not consider the merits of any habeas corpus claims in this action.

Further, with respect to Mr. Winkler's alleged illegal incarceration, his claims for money damages may be barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by

an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. Mr. Winkler does not allege that he has invalidated his sentence. Therefore, the claim for damages challenging the validity of his criminal conviction may be barred by *Heck*.

Furthermore, the numerous state court judges named by Mr. Winkler as Defendants are absolutely immune from a civil rights suit for money damages for actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Mr. Winkler does not allege any facts to show that these Defendant Judges acted outside of their judicial capacity.

Finally, Mr. Winkler must name specific defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate in the text of the Complaint how each named defendant personally participated in the asserted claims. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Winkler must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Winkler further is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [Mr. Winkler] believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Winkler file **within thirty days from the date of this Order** a Second Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Winkler, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Second Amended Complaint. It is

FURTHER ORDERED that if Mr. Winkler fails to comply with this Order within the time allowed the Amended Complaint and the action will be dismissed without further notice.

DATED November 8, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02249-BNB

Shawn Mandel Winkler
Prisoner No. 48319
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on \_\_11/8/10\_\_

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk