IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02249-BNB

SHAWN MANDEL WINKLER,

    Plaintiff,

v.

MARY J. MULLARKY,
GREGORY J. HOBB JR.,
ALEX J. MARTINEZ,
MICHAEL L. BENDER,
NATHAN B. COATS,
ALLISON HARTWELL EID,
ROBERT DEAN HAWTHORN,
SEAN CONNELLY,
PARTICIPANT IDENTIFIED AS "MILLER,"
PAUL A. MARKSON JR.,
LYNNE M. HUFNAGEL,
MICHAEL A. MARTINEZ,
SHELLY I. GILMAN,
JOHN W. SUTHERS, and
ARISTEDES W. ZAVARAS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 21 2011

GREGORY C. LANGHAM
                CLERK

---

ORDER OF DISMISSAL

---

Plaintiff, Shawn Mandel Winkler, is in the custody of the Colorado Department of Corrections and is currently incarcerated at the Sterling Correctional Facility. Mr. Winkler, acting *pro se*, initiated this action on September 1, 2010, by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. He filed an Amended Complaint

on September 28, 2010, and was granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee by order dated October 4, 2010.

On November 8, 2010, Magistrate Judge Boland reviewed the Amended Complaint and determined that it was deficient. Therefore, Magistrate Judge Boland directed Mr. Winkler to file a Second Amended Complaint within thirty days. After receiving an extension of time, Mr. Winkler filed a Second Amended Complaint on December 6, 2010.

The Court must construe the Second Amended Complaint liberally because Mr. Winkler is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110.

Mr. Winkler has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B)(i) of § 1915 requires the Court to *sua sponte* dismiss an action at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. **See Neitzke v. Williams**, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Second Amended Complaint as legally frivolous pursuant to § 1915(e)(2)(B)(i).

Like the Amended Complaint, the Second Amended Complaint is difficult to understand. Mr. Winkler asserts three claims. He appears primarily to challenge the execution of his sentence by the Colorado Department of Corrections. He asserts that

2

under the terms of his sentence, he was supposed to be eligible for parole in 2000, but that Defendant Aristedes Zavaras has refused to honor this agreement. He also alleges that the named Defendant judges in the state courts refused to assist him in obtaining relief on this matter. Mr. Winkler asserts that his Fourteenth Amendment right to due process and equal protection and his Eighth Amendment right to be free from cruel and unusual punishment have been violated. As relief, Mr. Winkler seeks money damages and his immediate release from incarceration.

As Magistrate Judge Boland previously informed Mr. Winkler, any claims challenging the execution of his sentence properly are asserted in a separate habeas corpus action pursuant to 28 U.S.C. § 2241. The Court will not consider the merits of any habeas corpus claims in this action.

Moreover, with respect to Mr. Winkler's alleged illegal incarceration or illegal criminal sentence, his claims for money damages are barred by the rule in **Heck v. Humphrey**, 512 U.S. 477 (1994). In **Heck**, the Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. **See Heck**, 512 U.S. at 486-87. Mr. Winkler does not allege that he has invalidated his criminal conviction or sentence. Therefore, the claim for damages challenging the validity of his criminal conviction or sentence are barred by **Heck**.

Finally, Defendant Judges Mullarkey, Hobbs, Alex Martinez, Bender, Coats, Eid, Hawthorn, Connelly, Miller, Markson, Hufnagel and Michael A. Martinez are absolutely immune from liability in civil rights suits when they are acting in their judicial capacity, unless they act in the clear absence of all jurisdiction. *See **Mireles v. Waco***, 502 U.S. 9, 11-12 (1991); ***Stump v. Sparkman***, 435 U.S. 349, 356-57 (1978); ***Hunt v. Bennett***, 17 F.3d 1263, 1266-67 (10th Cir. 1994). The Defendant Judges' involvement in Mr. Winkler's criminal case are actions taken in their judicial capacity, and they were not acting in the clear absence of all jurisdiction. Although Mr. Winkler would have the Court believe that the Defendant Judges committed numerous crimes and engaged in various conspiracies, his allegations are vague, bare and conclusory. Therefore, the claims Mr. Winkler asserts against Judges Mullarkey, Hobbs, Martinez, Bender, Coats, Eid, Hawthorn, Connelly, Miller, Markson, Hufnagel and Martinez are barred by absolute judicial immunity. Accordingly, it is

ORDERED that the Second Amended Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 21st day of January, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02249-BNB

Shawn Mandel Winkler
Prisoner No. 48319
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Susan E. Friedman
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on January 21, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk