IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 03 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02249-LTB

SHAWN MANDEL WINKLER,

    Plaintiff,

v.

MARY J. MULLARKY,
GREGORY J. HOBB JR.,
ALEX J. MARTINEZ,
MICHAEL L. BENDER,
NATHAN B. COATS,
ALLISON HARTWELL EID,
ROBERT DEAN HAWTHORN,
SEAN CONNELLY,
PARTICIPANT IDENTIFIED AS "MILLER,"
PAUL A. MARKSON JR.,
LYNNE M. HUFNAGEL,
MICHAEL A. MARTINEZ,
SHELLY I. GILMAN,
JOHN W. SUTHERS, and
ARISTEDES W. ZAVARAS,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Shawn Mandel Winkler, a state prisoner who is in the custody of the Colorado Department of Corrections (DOC), filed on February 1, 2011, a *pro se* motion titled "Motion to Amend or Alter." The Court must construe the motion liberally because Mr. Winkler is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The "Motion to Amend or Alter" will be construed as a Motion to Reconsider and will be denied for the reasons stated below.

A litigant subject to an adverse judgment and who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Winkler filed the Motion to Reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e). **See** Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion to reconsider and the entire file, the Court concludes that Mr. Winkler fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Winkler initiated this action on September 1, 2010, by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. He filed an Amended Complaint on September 28, 2010, and was granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee by order dated October 4, 2010. On November 8, 2010, Magistrate Judge Boland reviewed the Amended Complaint and determined that it was deficient. Therefore, Magistrate Judge Boland directed Mr. Winkler to file a

Second Amended Complaint within thirty days. After receiving an extension of time, Mr. Winkler filed a Second Amended Complaint on December 6, 2010.

On January 21, 2011, the Court reviewed Mr. Winkler's Second Amended Complaint and determined that his claims were legally frivolous. The Court found that any claims challenging Mr. Winkler's alleged illegal incarceration or illegal sentence were barred by the rule in **Heck v. Humphrey**, 512 U.S. 477 (1994). The Court further found that Mr. Winkler's claims against the named Colorado state court judges were barred by absolute judicial immunity. **See Mireles v. Waco**, 502 U.S. 9, 11-12 (1991); **Stump v. Sparkman**, 435 U.S. 349, 356-57 (1978); **Hunt v. Bennett**, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Therefore, the Second Amended Complaint and the action were dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Mr. Winkler's Motion to Reconsider, which is difficult to understand, asserts that the dismissal of his claims has "further plagued and diminished the real issues which are in fact only allowed to be convoluted without the benefit of simply producing the records and transcripts. . . .They break down decisively error, illegal sentence, breach of plea agreement, statutory structure applicable to the sentence scheme and timing and performance of the plea." Motion at 2. Mr. Winkler appears to request that the Court hold a hearing on the issues raised in his Second Amended Complaint. However, Mr. Winkler does not disagree with the Court's legal conclusions, nor does he demonstrate the availability or new evidence or the need to correct clear error or prevent manifest injustice. **See Servants of the Paraclete**, 204 F.3d at 1012.

Therefore, Mr. Winkler has not asserted any of the major grounds that would justify reconsideration in his case, and the Motion for Reconsideration will be denied. *Id.* Accordingly, it is

ORDERED that the "Motion to Amend or Alter" filed on February 1, 2011, is construed as a motion to reconsider pursuant to Federal Rule of Civil Procedure 59(e) and is DENIED.

DATED at Denver, Colorado, this 3rd day of February, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02249-BNB

Shawn Mandel Winkler
Prisoner No. 48319
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on February 3, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk